## No. 8482.

### SAMUEL D. BROWNE VS. JOHN W. CLARKE.

A case having been ordered to be stricken from the docket of the Supreme Court under the erroneous impression that the record contained no order of appeal will, on proper showing, be reinstated, as the order complained of is not a final decree in the cause.

A writ of provisional seizure was properly dissolved where the lessee offered to deliver cotton to the lessor, then in the ginhouse, sufficient to pay the rent, or to give a draft for the same, the offer being made on the day the rent fell due.

Nor is the lessor entitled to the writ for the value of the repairs which the lessee failed to make, where no demand for any specific amount was made on this account, and where it appears from the contract of lease it was stipulated, that on the payment of money rental the lessee was authorized to ship or dispose of his crop.

APPEAL from the Eighth District Court, Parish of Madison. *Delony*, J.

*H. P. Wells* for Plaintiff and Appellant.

*J. C. Seale* for Defendant and Appellee.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiff moves that, as the appeal taken by him in this case was erroneously dismissed by us, on the mistaken impression that the record contained no order of appeal, the case be reinstated for trial on the merits of his appeal.

Justice to ourselves requires the statement that the order of appeal was not correctly indorsed and was inscribed in the transcript many pages before the judgment and with the evidence in the case.

A reference to the opinion rendered in the premises shows that the appeal was not dismissed, but that the case was merely ordered to be stricken from our docket. Hence, no final decree has been rendered in the case, and for that reason plaintiff's motion can be entertained, even though the delay for applying for a rehearing has expired.

It is, therefore, ordered, that our previous order removing this case from the docket be rescinded; and it is now ordered that the case be reinstated for a trial of the merits of the appeal.

### ON THE MERITS.

The opinion of the Court was delivered by

TODD, J. The plaintiff leased to the defendant his plantation in the Parish of Madison, known as the "Coleman Place," for the year 1874. The consideration of the lease was five hundred dollars, and in addition thereto, the lessee obligated himself "to keep the place, fences, houses, ginhouse, etc., in good repair," and to return them in the same condition in which they then were.

The right was reserved to the lessee to keep the place on the same terms and conditions for five years.

Of this last stipulation the defendant availed himself, and occupied and cultivated the place up to and including the year 1878. The rent was payable on the 1st of November of each year.

On the 6th of November, 1878, the plaintiff instituted suit. He claimed the five hundred dollars, the moneyed consideration of the lease, and further alleged that the defendant had failed to make the repairs stipulated, and in addition to the five hundred dollars prayed for judgment for seven hundred dollars, the estimated cost or value of the said repairs, and that the lessor's privilege be recognized and enforced for the sums claimed.

Under the usual averments the plaintiff also obtained a writ of provisional seizure, and caused to be seized thirty bales of cotton, which were subsequently released on bond.

The defendant, after pleading the general issue, averred that, when the suit was brought, he had on the plantation cotton sufficient to pay the five hundred dollars, the stipulated moneyed consideration for the rent, which was tendered to the plaintiff and refused, the money being demanded. That arrangements were made to pay the amount through his local merchants, but owing to the prevalence of the yellow fever, could not be at once completed. It was further averred that the property was in as good repair as when the lease commenced, except the ordinary wear and decay, for which he, the lessee, was not bound.

The affidavit on which the provisional seizure issued was alleged to be untrue, and it was prayed that the writ be dissolved, with two hundred and fifty dollars damages.

There was judgment for the plaintiff for five hundred and eighty dollars, and dissolving the writ of provisional seizure; and from this judgment the plaintiff appeals.

The evidence shows, that about the time the rent of 1878 became due, the plaintiff went to the plantation leased and found the defendant absent. The wife of the defendant offered to deliver cotton then under the ginhouse, or give a draft, in payment of the moneyed rent, $500. This the plaintiff declined to accept and demanded the cash.

It is also shown that, when on the same day he informed a neighbor of the defendant of the offer made by Mrs. Clarke, the defendant's wife, and his declining to accept it, this neighbor offered, if he would go and get an order on him for the rent from Mrs. Clarke, that he would pay it just as he had paid him the rent the year before. This the plaintiff refused to do.

It is likewise in evidence that, in the month of October, before the rent was due, the local merchant who furnished the plantation, when

about leaving the parish for a time, handed his blank draft signed to his clerk, and requested him to ascertain the amount of the rent owing the plaintiff, and fill up the draft and deliver it to him when the rent became due.    So that ample provision seems to have been made for the settlement of this debt and no disposition whatever manifested to evade or delay its payment.    Under these circumstances we find no room for the grave apprehensions sworn to by plaintiff of losing his moneyed rent by the removal of the cotton from the plantation, which was the ground for resorting to the writ.

It is, however, urged, that the defendant was indebted for the repairs he had failed to make on the place, and that the plaintiff was not bound to accept part of the debt, and unless the whole of it was tendered, that he had the right to seize for the entire debt.    This part of plaintiff's claim was unliquidated, and it is not pretended that he made any demand for a specific amount on account of it before bringing his suit.    Besides, we find in the contract of lease a clause substantially to this effect : That the $500 mentioned was to be paid out of the first cotton picked and ginned, and that the lessee was not to ship or dispose of more cotton than sufficient to pay this debt until the same was paid ; that when this amount was paid the lessee was at liberty to dispose of the residue of his entire crop, and that a failure to comply with this stipulation would afford cause for seizure by legal process.

Under this state of facts we think the writ of provisional seizure was properly dissolved.

The evidence satisfies us, however, that the defendant is indebted to the plaintiff in a larger amount for his failure to make the required repairs than that found by the Judge *a quo*.    It is made reasonably certain that the fences were not rebuilt or repaired in the entire five years, and that but trifling repairs were made on the ginhouse.    That it would require from eight to ten thousand rails put upon the fences to restore them to the condition they were in when the lease began, and considerable work on the ginhouse to restore it to its then condition.    The District Judge allowed only eighty dollars on this account ; we think he should have allowed, at least, three hundred dollars, and the judgment should be amended accordingly.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be amended by increasing the amount therein awarded to eight hundred dollars, with interest at the rate and from the time therein stipulated ; and as thus amended that it be affirmed, the costs of the lower court to be paid by the defendant, and of this appeal by the plaintiff.